NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

13-P-1327                                           Appeals Court

COMMONWEALTH vs. KENNETH FORD.

No. 13-P-1327.       November 18, 2014.

Dangerous Weapon. Evidence, Knife. Arrest. Practice, Criminal, Instructions to jury.


Following a two-day jury trial in the Roxbury Division of the Boston Municipal Court Department, the defendant was convicted of carrying a dangerous weapon, a knife, in violation of G. L. c. 269, § 10(b).[1] He appeals, claiming the judge erred by: (1) failing to enter a required finding of not guilty, as the evidence was insufficient to submit to the jury, and (2) instructing the jury that the knife was per se dangerous. We reverse.

1. Sufficiency of the evidence. In the light most favorable to the Commonwealth, Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), the jury could have found the following facts. Sometime after 10:00 P.M. on November 1, 2011, Jose Romero reported to police that, when walking home after work on Blue Hill Avenue, two men in a van offered him a ride, which he accepted. One man was reported to have a knife, the other a gun. Romero said that the men threatened him with the weapons and robbed him of his cash. After taking this report, the police agreed to drive Romero home. Just prior to arriving at Romero's home, a radio transmission was broadcast that the suspects in the robbery had been stopped. The officers brought Romero to the location and he identified both individuals,

_____

[1] The defendant was acquitted of larceny from a person and assault by means of a dangerous weapon. Prior to trial, the Commonwealth dismissed charges of kidnapping and unlicensed operation of a motor vehicle.

including the defendant.  The defendant was arrested and transported to the police station for booking.  Police had searched the defendant at the time of the initial stop and no weapon was located.  During booking, a second search of the defendant revealed a knife in his pocket.  At some point, the police learned the defendant had active warrants.

In order to prove the defendant guilty of carrying a dangerous weapon in violation of G. L. c. 269, § 10(b), the Commonwealth was required to show that he was either carrying one of the weapons enumerated in the statute or that, "when arrested upon a warrant for an alleged crime, or when arrested while committing a breach or disturbance of the public peace," he had on his person "a billy or other dangerous weapon other than those herein mentioned."  G. L. c. 269, § 10(b), as amended by St. 1986, c. 581, § 1.  On appeal, the parties agree that the knife in this case did not fall within the types of weapons enumerated in the statute.

At the close of the Commonwealth's case, the defendant moved for a required finding of not guilty.  The trial judge allowed the motion to the extent that the charge was based on the theory that the defendant carried a dangerous weapon in breach of the peace, but denied it to the extent that it rested on the theory that the defendant carried a dangerous weapon "when arrested upon a warrant."  Ibid.  The defendant now argues that the evidence presented does not support that theory of the crime.

This case centers on the meaning of that portion of the statute that reads:  "when arrested upon a warrant."  Ibid.  Our analysis of this phrase is guided by the familiar principle that "statutory language should be given effect consistent with its plain meaning and in light of the aim of the Legislature unless to do so would achieve an illogical result."  Sullivan v. Brookline, 435 Mass. 353, 360 (2001).  "Courts must ascertain the intent of a statute from all its parts and from the subject matter to which it relates, and must interpret the statute so as to render the legislation effective, consonant with sound reason and common sense."  Twomey v. Middleborough, 468 Mass. 260, 268 (2014).

The Commonwealth suggests the discovery of the active warrant and the knife occurred close enough in time to meet the statutory requirement that the defendant carried a dangerous weapon "when arrested upon a warrant."  That interpretation ignores the common sense and plain meaning of the phrase "when

arrested upon a warrant," which requires that police knowledge of the warrant must precede any arrest and also be the reason for the arrest.

Here, it is undisputed that the defendant was arrested based on Romero's report that he had been robbed. There was no evidence that the defendant's outstanding warrants played any role in the decision to arrest the defendant. The detection of the knife occurred during the second of the two searches, and at a time when the defendant was already under arrest for the robbery. The police learned of active warrants at some point following his arrest. The Commonwealth presented no evidence that the police knew of those warrants when the defendant was taken into custody. While the Commonwealth is correct that a defendant can be arrested for multiple reasons, the record does not support a finding that the defendant was simultaneously arrested for the robbery and on active warrants. On these facts, no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," Commonwealth v. Latimore, supra at 677 (quotation omitted), and the charge should not have been submitted to the jury.

2. Jury instructions. The defendant contends that the trial judge improperly instructed the jury that the knife in question was per se a dangerous weapon. While we need not reach that issue in light of our disposition above, we note that under the language of G. L. c. 269, § 10(b), not every knife is per se a dangerous weapon. See Commonwealth v. Miller, 22 Mass. App. Ct. 694, 694 n.1 (1986) ("clear that the Legislature did not intend to encompass all knives in its enumeration of 'per se' dangerous weapons"); Commonwealth v. Higgins, 85 Mass. App. Ct. 534, 537 (2014).

Judgment reversed.

Verdict set aside.

Judgment for the defendant.

Nicholas G. MacInnis for the defendant.
Kathryn E. Leary, Special Assistant District Attorney, for the Commonwealth.